UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 CV 58 |
| | ) | |
| HOWARD WESLEY COTTERMAN, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

JANE DOE, by and through her counsel, Salvatore Prescott & Porter, PLLC, brings this action, as follows:

## I. INTRODUCTION

1. Plaintiff JANE DOE is a 20-year-old woman who, as a little girl, was sexually abused by her paternal grandfather, defendant HOWARD WESLEY COTTERMAN. In 2014, COTTERMAN was convicted in federal court of producing, transporting, and possessing child pornography, including images and videos of JANE DOE. He is now serving a lengthy prison sentence.

2. It is impossible to turn back the clock and prevent COTTERMAN from harming JANE DOE. It is not too late, though, for COTTERMAN to compensate JANE DOE for the deep pain he has caused her. That is why plaintiff brings this action.

## II.    JURISDICTION AND VENUE

3.    This Court has subject-matter jurisdiction over plaintiff's federal claims, arising under the laws of the United States, pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds $75,000. Specifically, plaintiff is domiciled in Illinois, where she resides. Defendant is domiciled in California, where he resided before entering federal prison.

5.    This Court has personal jurisdiction over defendant pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because defendant committed tortious acts against plaintiff within the State of Illinois.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district.

## III.   PARTIES

7.    Plaintiff JANE DOE was born in July 1996 and resides in the Northern District of Illinois. She sues under a pseudonym to protect her identity.

8.      Defendant HOWARD WESLEY COTTERMAN is a 76-year-old man in federal prison in Sheridan, Oregon. Before entering prison, COTTERMAN resided in Truckee, California.

## IV.    FACTUAL ALLEGATIONS

### Defendant's Abuse of Jane Doe

9.      When plaintiff JANE DOE was a child, defendant HOWARD WESLEY COTTERMAN—her paternal grandfather—frequently visited her and the rest of her family in Illinois.

10.     Often, defendant HOWARD WESLEY COTTERMAN took plaintiff JANE DOE to stay overnight at a hotel in Schaumburg, Illinois, as well as other local hotels. COTTERMAN persuaded JANE DOE's mother to commit JANE DOE to his care. JANE DOE's mother trusted COTTERMAN and believed that her daughter was safe with him.

11.     At the Illinois hotels, when plaintiff JANE DOE was between the approximate ages of four and eight, defendant HOWARD WESLEY COTTERMAN sexually abused JANE DOE. COTTERMAN further exploited JANE DOE by photographing and videotaping the sexual abuse. He took and kept hundreds of such pictures and dozens of such videos.

12.     Defendant HOWARD WESLEY COTTERMAN also sexually abused plaintiff JANE DOE in other geographic locations, including California and Indiana.

3

## The Federal Criminal Case

13.     In or about June 2007, the United States charged defendant HOWARD WESLEY COTTERMAN with producing child pornography featuring plaintiff JANE DOE, as well as with transporting and possessing that and other child pornography and obscene material. The case, *United States v. Howard Wesley Cotterman*, 07 CR 1207, was prosecuted in the United States District Court for the District of Arizona.

14.     At the time the prosecution began, plaintiff JANE DOE was approximately 11 years old.

15.     Defendant HOWARD WESLEY COTTERMAN fled from prosecution. He was apprehended in Australia and extradited to the United States.

16.     Defendant HOWARD WESLEY COTTERMAN also filed a suppression motion, which consumed seven years of litigation.

17.     Ultimately, by order of the Ninth Circuit Court of Appeals, defendant HOWARD WESLEY COTTERMAN's suppression motion was denied, and, in 2014, the case proceeded to a bench trial. The government called plaintiff JANE DOE and her mother to testify as witnesses.

18.     On or about June 11, 2014, defendant HOWARD WESLEY COTTERMAN was convicted of producing, transporting, and possessing child pornography, including child pornography featuring plaintiff JANE DOE.

4

19.    In or about September 2014, the United States District Court judge in the District of Arizona sentenced defendant HOWARD WESLEY COTTERMAN to a total of 35 years' imprisonment and lifetime supervised release.

20.    The United States District Court's Judgment & Commitment Order, as well as its later Amended Judgment & Commitment Order, did not include a restitution judgment for plaintiff JANE DOE or other victims of the offense.

21.    Defendant HOWARD WESLEY COTTERMAN's appeal to the Ninth Circuit Court of Appeals failed. The conviction and sentence were affirmed in or about November 2015.

**Harm to Plaintiff**

22.    Defendant HOWARD WESLEY COTTERMAN caused serious harm to plaintiff JANE DOE.

23.    Plaintiff JANE DOE has endured extreme emotional distress because of defendant HOWARD WESLEY COTTERMAN's sexual abuse of her, as well as his abuse of JANE DOE's and her mother's trust.

24.    Likewise, plaintiff has endured extreme emotional distress because of defendant HOWARD WESLEY COTTERMAN's needless prolonging of the federal criminal proceedings, including by fleeing from prosecution.

5

25.     Plaintiff JANE DOE has received, and will continue to need, years of counseling to cope with the harm that defendant HOWARD WESLEY COTTERMAN has inflicted.

26.     Plaintiff JANE DOE's education, and her employment, has been impacted by defendant HOWARD WESLEY COTTERMAN's actions.

### COUNT ONE
### (18 U.S.C. § 2255)

27.     Paragraphs 1 through 26 of this Complaint are incorporated here.

28.     Plaintiff JANE DOE, while a minor, was a victim of violations of 18 U.S.C. § 2251 and 2252 and suffered personal injuries because of the violations.

29.     Specifically, plaintiff JANE DOE was victimized by defendant HOWARD WESLEY COTTERMAN as set forth in Counts 1, 2, 3, and 5 of the Indictment in *United States v. Howard Wesley Cotterman*, 07 CR 1207 (D. Arizona).

30.     Plaintiff JANE DOE seeks the remedies to which she is entitled under 18 U.S.C. § 2255(a), including actual damages and the costs associated with this suit, including a reasonable attorney's fee. Pursuant to 18 U.S.C. § 2255(a), JANE DOE's damages are deemed to be no less than $150,000.

## COUNT TWO
### (18 U.S.C. § 2252A(f))

31.     Paragraphs 1 through 30 of this Complaint are incorporated here.

32.     Plaintiff JANE DOE was aggrieved because of conduct prohibited under 18 U.S.C. § 2252A(a), namely, by defendant HOWARD WESLEY COTTERMAN's transporting, shipping, and possessing child pornography featuring JANE DOE.

33.     Plaintiff JANE DOE seeks the remedies to which she is entitled under 18 U.S.C. § 2252A(f), including compensatory damages, punitive damages, the costs associated with this suit, and reasonable fees for attorneys and expert witnesses.

## COUNT THREE
### (Battery)

34.     Paragraphs 1 through 33 of this Complaint are incorporated here.

35.     Defendant HOWARD WESLEY COTTERMAN touched plaintiff JANE DOE, and caused harmful and offensive contact with JANE DOE's body, without her permission.

36.     Plaintiff JANE DOE was a young child who could not and did not consent to this touching.

37.     Plaintiff JANE DOE seeks compensatory and punitive damages for battery, and such other damages as may be authorized by law.

## COUNT FOUR
### (Intentional Infliction of Emotional Distress)

38.     Paragraphs 1 through 37 of this Complaint are incorporated here.

39.     Defendant HOWARD WESLEY COTTERMAN's sexual abuse of plaintiff JANE DOE—repeated for years, when JANE DOE was between the approximate ages of four and eight—constituted extreme and outrageous conduct. His conduct was atrocious and utterly intolerable in a civilized society.

40.     The conduct was extreme and outrageous toward plaintiff JANE DOE because he repeatedly sexually abused her, for years, and further exploited her by photographing and videotaping her genitals, for his sexual gratification.

41.     The conduct was also extreme and outrageous toward plaintiff JANE DOE because defendant HOWARD WESLEY COTTERMAN took advantage of his family relationship with JANE DOE, and her mother, and abused the trust they placed in him as JANE DOE's grandfather.

42.     Defendant HOWARD WESLEY COTTERMAN further inflicted severe emotional distress on plaintiff JANE DOE when, after being

charged with crimes relating to his sexual abuse of JANE DOE, he fled the country, causing plaintiff to fear whether he would ever be held accountable for his conduct and greatly increasing her anxiety about the proceedings.

43. Defendant HOWARD WESLEY COTTERMAN intended or recklessly disregarded the probability that his conduct would cause the plaintiff to suffer emotional distress.

44. Plaintiff JANE DOE endured severe and extreme emotional distress.

45. Defendant HOWARD WESLEY COTTERMAN's conduct actually and proximately caused the plaintiff's distress.

46. Plaintiff JANE DOE seeks compensatory and punitive damages for intentional infliction of emotional distress, and such other damages as may be authorized by law.

WHEREFORE, plaintiff requests judgment in her favor and against defendant, as follows:

a. Compensatory damages;

b. Punitive damages;

c. Attorney's fees, costs, and expenses;

d. Prejudgment interest; and

e. To grant further relief as this Court should find just and proper.

Dated:  January 4, 2017          By:    s/ Julie B. Porter
                                        JULIE B. PORTER
                                        Salvatore Prescott & Porter, PLLC
                                        1010 Davis Street
                                        Evanston, IL 60201
                                        P: (312) 283-5711
                                        F: (312) 724-8353

                                        *Attorney for Plaintiff*