UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>HOWARD WESLEY COTTERMAN, )<br>   Defendant. ) | Case No. 1:17-cv-00058<br><br>Hon. John J. Tharp, Jr. |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR COLLATERAL ESTOPPEL**

Plaintiff JANE DOE respectfully brings this motion for collateral estoppel in order to streamline the issues in this case and conserve judicial resources by avoiding relitigation of Defendant's liability under Counts I and II of Plaintiff's Complaint. Because Defendant was convicted of producing, transporting, and possessing child pornography featuring Plaintiff, Defendant should be barred from relitigating those issues in this case.

**FACTUAL BACKGROUND**

As set forth in Plaintiff's Complaint, in or about June 2007, the United States charged Defendant with producing child pornography featuring Plaintiff, as well as with transporting and possessing that and other child pornography and obscene material in violation of 18 U.S.C. §§ 2251, 2252. Docket No. 1 at ¶ 13. The case, *U.S. v. Cotterman,* 4:07-cr-01207-RCC-CRP-1, was prosecuted in the United States District Court for the District of Arizona

1

after Defendant fled the country, was apprehended, and ultimately, was extradited back to the U.S. *Id.* at ¶¶ 13, 15.[1] Defendant then spent several years attempting to suppress the evidence underlying his charges, but Defendant's suppression motion was denied, and, in 2014, the case proceeded to a bench trial, where both Plaintiff and her mother testified. *Id.* at ¶¶ 16-17.

Following the bench trial, Defendant was convicted of producing, transporting, and possessing child pornography, including child pornography featuring Plaintiff, and sentenced to 35 years in prison and lifetime supervised release. *Id.* at ¶¶ 18-19. The Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence in November 2015. *Id.* at ¶ 21. On January 4, 2017, Plaintiff commenced this action.

## ARGUMENT

Rule 16 gives the Court explicit authority to "take appropriate action" when "formulating and simplifying the issues [in a case]" and "determining the appropriateness . . . of summary adjudication under Rule 56." Fed. R. Civ.

---

[1] The Court may take judicial notice of public records available on court and government websites, including those available on PACER related to Defendant's underlying criminal case. *See, e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

P. 16(c)(2)(A), (E).[2] The Court possesses the power and ability to enter orders that facilitate the "just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(P).

An order granting preclusive effect to Defendant's criminal conviction based on collateral estoppel will further the goal of efficiency underlying Rule 16 by significantly narrowing the issues to be tried, limiting the evidence to be presented, and streamlining what remains to be resolved in this case. *See, e.g.*, *Terrell v. Childers*, 889 F. Supp. 311, 315 (N.D. Ill. 1995) (granting in part a motion for collateral estoppel where issues had been litigated in another case).

## I. Collateral Estoppel Bars Defendant From Relitigating The Issues Underlying His Criminal Conviction.

Plaintiff brings this action in order to obtain civil remedies to compensate her for the severe emotional distress caused by Defendant's criminal conduct of producing, transporting, and possessing child pornography featuring her. Illinois courts have recognized that plaintiffs in

---

[2] During the May 30, 2017 initial status conference, the Court and the parties briefly discussed collateral estoppel and the preclusive effects of Defendant's prior conviction in this action. If the Court finds that Rule 16 is not the appropriate vehicle for this issue, Plaintiff respectfully requests that the Court convert this to a Motion for Partial Summary Judgment on the issue of Defendant's liability under Counts I and II of Plaintiff's Complaint. *See, e.g.*, *Shacket v. Philko Aviation, Inc.*, 590 F. Supp. 664, 667 n.5 (N.D. Ill. 1984) (discussing the interplay between Rules 16 and 56 as they relate to a finding of collateral estoppel).

3

civil actions may use prior criminal convictions for offensive collateral estoppel as Plaintiff seeks here. *See Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000) (applying collateral estoppel to murder conviction in subsequent wrongful death suit).

Under Illinois law, three threshold requirements must be met in order for collateral estoppel to apply: (1) the issue decided in the prior adjudication must be identical with the one presented in the suit in question; (2) there must have been a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication. *Id.* In addition to these three factors, Illinois courts also consider whether unfairness will result through the application of collateral estoppel. *Id.*

### a. The Issues Underlying Defendant's Criminal Conviction Are Identical To Those In Plaintiff's Claims.

In both Defendant's criminal conviction and this case, the central issues are identical, namely Defendant produced, transported, and possessed child pornography that featured Plaintiff. Defendant's actions have caused Plaintiff severe emotional distress for which she now seeks civil remedies pursuant to 18 U.S.C. §§ 2255 and 2252A.

The U.S. code provisions under which Plaintiff brings this action expressly contemplate the use of underlying criminal conduct when seeking

4

civil remedies. Under Count I of Plaintiff's Complaint, pursuant to 18 U.S.C. § 2255:

> Any person who, while a minor, was a victim of a violation of [18 U.S.C. §§ 2251, 2252] and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

In addition, 18 U.S.C. § 2252A, which provides the basis for Count II, states that any person aggrieved when another "knowingly . . . transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography" may obtain civil remedies.

In cases involving these statutes, federal courts have relied on criminal convictions, like Defendant's, to impose liability in subsequent civil suits brought by the victims featured in the child pornography. *See, e.g., Aurora v. Sheely,* No. 16-cv-1358-RSM, 2017 WL 615383, *3 (W.D. Wash. Feb. 15, 2017) (granting partial summary judgment on the issue of liability in civil suit following conviction under state law identical to 18 U.S.C. §§ 2252, 2252A with the amount of damages to be determined at a hearing); *Plaintiff B v. Francis,* No. 5:08-cv-79/RS-AK, 2010 WL 497375, *2-3 (N.D. Fla. Feb. 5,

5

2010) (granting summary judgment on liability due to collateral estoppel of guilty plea under 18 U.S.C. §§ 2251, 2252).

The facts underlying Defendant's criminal conviction are central to Counts I and II of Plaintiff's Complaint, and Defendant should be barred from relitigating the issues underlying his conviction in this case.

### b. Defendant's Conviction Is A Final Judgment On The Merits And Defendant Was A Party In The Criminal Case.

The second and third collateral estoppel factors are plainly satisfied in this case and are discussed together in this motion. First, Defendant's conviction is a final judgment on the merits, as Defendant was sentenced and the Ninth Circuit Court of Appeals has affirmed his conviction and sentence. *See U.S. v. Cotterman*, No. 14-10454, Docket No. 27 (9th Cir. Nov. 12, 2015); *see also Bradley v. U.S.*, 410 U.S. 605, 609 (1973) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").[3] Second, there is no question that Defendant was a party in his criminal case.

---

[3] Although Defendant may argue that he is currently challenging his conviction, a motion to "vacate, set aside, or correct a sentence is not part of the original criminal proceeding; it is an independent civil suit." *Rauter v. U.S.*, 871 F.2d 693, 695 (7th Cir. 1989); *see also Fain v. Andersen*, 816 N.W.2d 696, 702 (Minn. Ct. App. 2012) (holding that use of collateral estoppel of murder conviction was appropriate in civil wrongful death suit despite defendant's pending motion for post-conviction relief based on ineffective assistance of counsel).

6

Accordingly, all three threshold elements for the application collateral estoppel have been met here.

### c. Collateral Estoppel Will Not Result In Unfairness In This Case.

When considering whether unfairness would result from the application of collateral estoppel, courts "must balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded a full and fair opportunity to present his case. Also potentially relevant is the party's incentive to litigate the issue in the prior action." *Am. Family Mut. Ins. Co.*, 739 N.E.2d at 451.

In this case, Defendant had a full and fair opportunity to litigate all relevant issues in his criminal trial and did so, including spending several years attempting to suppress the damning evidence against him. Moreover, he had full incentive to litigate his criminal trial, as his conviction resulted in what may amount to him spending the rest of his life in prison. When analyzing the fairness of collateral estoppel from criminal convictions in civil suits, courts have recognized that criminal defendants have significantly more procedural advantages in their criminal cases and routinely find that the criminal proceedings provided them with a full and fair opportunity to litigate all issues, even if they were unsuccessful. *Id.* at 453 ("the obvious

7

procedural differences between criminal and civil proceedings actually favor applying collateral estoppel in a subsequent civil proceeding").

Thus, the use of Defendant's criminal conviction to establish liability for Counts I and II of Plaintiff's Complaint does not result in unfairness to Defendant.

## **CONCLUSION**

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Collateral Estoppel and enter an Order finding that Defendant produced, transported, and possessed child pornography featuring Plaintiff, and accordingly, Plaintiff is entitled to civil remedies under Counts I and II of her Complaint.

Dated: August 24, 2017                    Respectfully submitted,

                                          s/ Julie B. Porter
                                          JULIE B. PORTER
                                          Salvatore Prescott & Porter, PLLC
                                          1010 Davis Street
                                          Evanston, IL 60201
                                          P: (312) 283-5711
                                          F: (312) 724-8353
                                          porter@spplawyers.com

                                          *Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Julie B. Porter