UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17 CV 58 |
| HOWARD WESLEY COTTERMAN, | ) Hon. John J. Tharp, Jr. |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION RESPONSE TO JANE DOE'S
COLLATERAL ESTOPPEL MOTION.**

Howard Wesley Cotterman ("Defendant"), by undersigned attorney, submits this filing in response to the plaintiff's collateral estoppel importunings. Defendant maintains that the plaintiff's motion must be rejected based on the facts and circumstances of this litigation including, *inter alia*, the continuation of the criminal proceedings in the U.S. District Court for the Tucson District of Arizona. While the plaintiff disagrees that his § 2255 proceedings are a "continuation" of the criminal proceedings, nonetheless, his significant challenges to his criminal convictions remain pending, absent any current government opposition filings. *Cf.*, Cotterman v. U.S., 4:16-CV-667 at R. 7-12.

(1) **Overview**: Defendant has been in custody for some 10-years. He was charged with multiple child porno counts under 07 CR 01207. During the summer of 2014 defendant, represented by counsel, was convicted of multiple computer-related child pornography offenses. His convictions were based on what was essentially a

"stipulated" bench trial. During September 2014 defendant was sentenced to 35-years of federal immurement. According to FCI records, defendant's release date is about September 2038. Defendant is currently 77 years old. He is immured at an FCI facility in Sheridan, Oregon. Prior to his 2007 federal child pornography arrest, he and his wife had lived for over 25 years in Truckee, California.

(2) **Prior Pending Motions**: This Court's 17-CV-58 docket reflects that defendant has filed motions to dismiss or transfer this civil litigation to either Arizona or Oregon. Defendant's antecedent motions have been briefed and are awaiting disposition. The granting of either motion would be dispositive concerning the proceedings before this Court. Notwithstanding the pendency of those dispositive motions, plaintiff has filed her collateral estoppel motion, which will be "moot[ed]" in the event the Court grants defendant's alternative motions to dismiss or transfer this litigation.

Defendant's § 2255 proceedings in the U.S. District Court in Tucson, AZ, reflect that he filed his § 2255 on 10/8/16. The government has moved to extend the time for its § 2255 opposition filings on three-separate dates; the current government motion seeks to and including 12/1/17 for any 2255-opposition filings. As of 9/25/17, the U.S. District Court docket concerning defendant's § 2255 shows that the government's 9/1/17 opposition-extension-motion is pending. Pacer: U.S. District Court, 16-CV-00667 at R. 12.

(3) **The Plaintiff's Reliance on <u>American Family Mutual v. Savickas et al</u>, 193 Ill.2d 378, 739 N.E.2d 445 (2000) Favors Defendant Because the American Family Civil Litigation was Deferred Until Michael Savickas' Postconviction Proceedings were Concluded.**

The plaintiff fundamentally relies on <u>American Family Mutual v. Savickas et al</u>, 193 Ill.2d 378, 739 N.E.2d 445 (2000), at pp. 4, 7, 8 of its collateral estoppel filing. Critically, in <u>Savickas</u>, Justice Freeman, writing for the full Court, explained that collateral estoppel was arguably appropriate because: (1) the trial court dismissed American Family's collateral estoppel/declaratory judgment action **until after Savickas' post-conviction proceedings were concluded,** and (2) Savickas testified during his jury trial that he intentionally shot and killed the decedent. Concerning the timing and reasons for granting American Family's collateral estoppel motion, Justice Freeman reminded the motivated reader:

> The trial court denied American Family's motion in October 1994. **Subsequently, in April 1995, the court dismissed the declaratory judgment action with leave to reinstate after final resolution of Savickas' post-conviction petition, which was then still pending. The court reinstated the case on American Family's motion in August 1996 after the dismissal of Savickas' post-conviction petition was affirmed on appeal**.
>
> <u>American Family also attached excerpts from the transcript of Savickas' testimony at his criminal trial. In those excerpts Savickas admitted that the gun did not go off accidentally. He testified to the effect that he intentionally pointed the gun at the decedent and intentionally pulled the trigger while the gun was</u>

so aimed.

American Family Mutual, 193 Ill.2d at 381-82, 739 N.E.2d at 448 (emph. added).

In stark contrast to the Savickas proceedings: (1) plaintiff (inadvertently) failed to alert this Court or defendant that although plaintiff is urging this Court to proceed forthwith in the civil case at hand, in Savickas, the trial court deferred considering American Family's declaratory judgment/collateral estoppel motion until Savickas' postconviction proceedings were concluded; [1] and (2) defendant did not testify during his federal criminal bench trial. Thus, in contrast to Mr. Savickas, who testified during his murder jury trial – defendant did not testify – and plaintiff cannot attach "excerpts" of [defendant's] testimony (to explain: excerpts of Savickas' trial testimony were attached to the American Family collateral estoppel motion).

(4) **The Doctrine of Collateral Estoppel is Inapposite Because During Defendant's Criminal Bench Trial There Were no Issues Concerning Plaintiff's Current Personal Injury Claims**:

Plaintiff cites Terrell v. Childers, et al, 889 F.Supp. 311 (N.D. Ill.) (Aspen, J) in support of her collateral estoppel argument. However, the Terrell Court specifically noted that the prior trial court proceeding necessarily had to include that issues of fact or law were litigated in the prior proceeding. Such is not the case here *because plaintiff's*

---

[1] The Illinois Postconviction Act, like 28 U.S.C. § 2255, is a collateral attack on the prior [criminal] judgment. People v. Johnson, 191 Ill.2d 257, 730 N.E.2d 1107, 1114 (2000) (collecting cases).

4

*"severe emotional distress" was not at all litigated in defendant's criminal bench trial*. In part, Judge Aspen, citing Metromedia Co. v. Fugazy, 983 F.2d 350 (2nd Cir. 1992), explained that:

> *The doctrine of collateral estoppel, or issue preclusion, bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits. Id. at 365.*

Metromedia, *ante*, 983 F.2d at 365 (emph. added). Similarly, in Shacket v. Philko Aviation, Inc, 590 F.Supp. 664 (N.D. Ill) (Shadur, J), (like Terrell, cited by the plaintiff), the court considered the collateral estoppel doctrine, explaining:

> Three questions must be answered "yes" to apply collateral estoppel to an issue in a later proceeding, *Teamsters Local 282 Pension Trust Fund v. Angelos*, 585 F.Supp. 1401 at —— (N.D.Ill.1984); see *Whitley v. Seibel*, 676 F.2d 245, 248, 250 (7th Cir.), cert. denied, 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982):
>
> 1. Is the relevant issue in the second suit the same as an issue in the first?
> 2. Was that issue actually and necessarily litigated and determined in the first suit?
> 3. Did the party against whom estoppel is asserted have a "full and fair opportunity" to litigate the issue?

Shacket, *ante*, 590 F.Supp. at 667. *Cf.* Toro v. Gainer, 370 F.Supp. 2d 736 (N.D. Ill., E.D.) (Collateral estoppel is a doctrine of equity and it will be avoided when its application results in manifest injustice. * * * Further, if there are "peculiar

circumstances" or if additional evidence is discovered, a court should not invoke collateral estoppel.) Toro, 370 F.Supp. 2d at 739 (citations omitted; quotation marks in original). Accord: Stokes et al v. City of Chicago et al, 744 F.Supp. 183, 185 (N.D. Ill., E.D., 1990) (same … "[t]he issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit and (4) those issues are identical to the issues raised in the subsequent suit") (U.S.C.A. 7 and Illinois authorities omitted).

    (5)    Defendant advances that the issue in the case at hand – the nature and extent of the damages, if any, plaintiff might receive – was not "litigated" during his criminal bench trial; and, the issue of plaintiff's damages were not "actually and necessarily litigated and determined" within the contours of defendant's criminal trial. Consequently, defendant did not have a "full and fair opportunity" to litigate the issue of plaintiff's personal injuries, if any. Hence, plaintiff's collateral estoppel/summary judgment motion fails as a matter of law.

CONCLUSION ON FOLLOWING PAGE

WHEREFORE, for the reasons and legal authority advanced within the fabric of this opposition submission, Defendant respectfully maintains that this Court should: (1) in the alternative, defer consideration of plaintiff's collateral estoppel motion until the conclusion of his federal postconviction proceedings, or (2) reject plaintiff's collateral estoppel/summary judgment motion as a matter of law.

>                      Respectfully Submitted,
>                      Defendant
>                      HOWARD WESLEY COTTERMAN

| | | |
|---|---|---|
| Allan A. Ackerman | By: | /S/ Allan A. Ackerman_____ |
| ALLAN A. ACKERMAN P.C. | | ALLAN A. ACKERMAN, |
| 19 South LaSalle Street | | Attorney for Defendant Howard W. Cotterman |
| Suite 502 | | |
| Chicago, IL 60603 | | |
| T: (312) 332-2891 | | |
| F: (312) 750-1595 | | |
| profaaa@aol.com | | |

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on September 26, 2017, I electronically filed the foregoing with the Clerk of the Court of the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/ Allan A. Ackerman</u>