UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>HOWARD WESLEY COTTERMAN, )<br>)<br>    Defendant. ) | Case No. 17 CV 58<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER

Defendant Howard Wesley Cotterman ("Defendant"), by his undersigned attorney, states the following as his Answer to the Complaint filed in the above captioned matter:

1. Plaintiff JANE DOE is a 20-year-old woman who, as a little girl, was sexually abused by her paternal grandfather, defendant HOWARD WESLEY COTTERMAN. In 2014, COTTERMAN was convicted in federal court of producing, transporting, and possessing child pornography, including images and videos of JANE DOE. He is now serving a lengthy prison sentence.

> **ANSWER**: Defendant denies the allegations of the first sentence of paragraph 1. Defendant admits the allegations of the second and third sentences. However, further answering the conviction referred to in paragraph 1 is currently the subject of a collateral challenge which, if granted, will result in the vacation of defendant's convictions and sentence.

1

2. It is impossible to turn back the clock and prevent COTTERMAN from harming JANE DOE. It is not too late, though, for COTTERMAN to compensate JANE DOE for the deep pain he has caused her. That is why plaintiff brings this action.

> **ANSWER**: The allegations of paragraph 2 contain rhetoric rather than factual allegations as required by F.R.Civ.P 8. Although no response is required concerning such rhetoric, Defendant denies the facts which may be inferred or implied from the allegations of paragraph 2. Defendant specifically denies any suggestion that he physically harmed the plaintiff, and certainly denies that he has cause her deep pain and denies that he should be called to compensate the plaintiff.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over plaintiff's federal claims, arising under the laws of the United States, pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

> **ANSWER**: For the purpose of this Answer, and solely to the extent that Plaintiff's Complaint states a claim upon which relief may be granted, Defendant does not contest the personal or subject matter jurisdiction of the United States District Court for the Northern District of Illinois.

4. This Court also has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds $75,000. Specifically, plaintiff is domiciled in Illinois, where she resides. Defendant is domiciled in California, where he resided before entering federal prison.

> **ANSWER**: Plaintiff has previously filed objections to subject matter and venue, which objections have been rejected. The allegations of paragraph 4 are legal

conclusions about which no further admissions or denials are required.

5. This Court has personal jurisdiction over defendant pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because defendant committed tortious acts against plaintiff within the State of Illinois.

**ANSWER**: Plaintiff has previously filed objections to subject matter and venue, which objections have been rejected. The allegations of paragraph 5 are legal conclusions about which no further admissions or denials are required.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district.

**ANSWER:** Plaintiff has previously filed objections to subject matter and venue, which objections have been rejected. The allegations of paragraph 6 are legal conclusions about which no further admissions or denials are required.

### III. PARTIES

7. Plaintiff JANE DOE was born in July 1996 and resides in the Northern District of Illinois. She sues under a pseudonym to protect her identity.

**ANSWER**: Defendant admits the allegations of the first sentence of paragraph 7. Defendant lacks sufficient knowledge to admit or deny the facts asserted in the second sentence of paragraph 8 and notes that, to his knowledge, Plaintiff has not obtained an Order from the Court authorizing or approving her use of a pseudonym in this case.

8. Defendant HOWARD WESLEY COTTERMAN is a 76-year- old man in federal prison in Sheridan, Oregon. Before entering prison, COTTERMAN resided in Truckee, California.

>**ANSWER**: Defendant admits the allegations set forth in the first sentence of paragraph 8. However, defendant was a pretrial detainee in Arizona for several years before his current immurement in federal prison in Sheridan, Oregon. Several years earlier, Cotterman resided in Truckee, California.

## IV. FACTUAL ALLEGATIONS

### Defendant's Abuse of Jane Doe

9. When plaintiff JANE DOE was a child, defendant HOWARD WESLEY COTTERMAN—her paternal grandfather—frequently visited her and the rest of her family in Illinois.

>**ANSWER**: Defendant admits the allegations of paragraph 9.

10. Often, defendant HOWARD WESLEY COTTERMAN took plaintiff JANE DOE to stay overnight at a hotel in Schaumburg, Illinois, as well as other local hotels. COTTERMAN persuaded JANE DOE's mother to commit JANE DOE to his care. JANE DOE's mother trusted COTTERMAN and believed that her daughter was safe with him.

>**ANSWER**: Defendant admits that he took the Plaintiff on various vacations which included hotel stays. Defendant lacks sufficient knowledge to admit or deny the allegations concerning the state of mind of Jane Doe's mother. Defendant denies the remaining allegations of paragraph 10.

11. At the Illinois hotels, when plaintiff JANE DOE was between the approximate ages of four and eight, defendant HOWARD WESLEY COTTERMAN sexually abused JANE DOE. COTTERMAN further exploited JANE DOE by photographing and videotaping the sexual abuse. He took and kept hundreds of such pictures and dozens of such videos.

>**ANSWER**: Defendant denies the allegations set forth in paragraph 11.

12. Defendant HOWARD WESLEY COTTERMAN also sexually abused plaintiff JANE DOE in other geographic locations, including California and Indiana.

      **ANSWER**: Defendant denies the allegations of paragraph 12.

### The Federal Criminal Case

13. In or about June 2007, the United States charged defendant HOWARD WESLEY COTTERMAN with producing child pornography featuring plaintiff JANE DOE, as well as with transporting and possessing that and other child pornography and obscene material. The case, *United States v. Howard Wesley Cotterman*, 07 CR 1207, was prosecuted in the United States District Court for the District of Arizona.

      **ANSWER**: Defendant admits the allegations of paragraph 13.

14. At the time the prosecution began, plaintiff JANE DOE was approximately 11 years old.

      **ANSWER**: Defendant admits the allegations of paragraph 14.

15. Defendant HOWARD WESLEY COTTERMAN fled from prosecution. He was apprehended in Australia and extradited to the United States.

      **ANSWER**: Defendant denies the allegations in the first sentence in paragraph 15 and admits the allegations of the second sentence in paragraph 15.

16. Defendant HOWARD WESLEY COTTERMAN also filed a suppression motion, which consumed seven years of litigation.

      **ANSWER**: Defendant admits the allegations of paragraph 16.

17. Ultimately, by order of the Ninth Circuit Court of Appeals, defendant HOWARD WESLEY COTTERMAN's suppression motion was denied, and, in 2014, the case proceeded to a bench trial. The government called plaintiff JANE DOE and her mother to testify as witnesses.

>**ANSWER**: Defendant admits the allegations of the first two sentences of paragraph 17.

18. On or about June 11, 2014, defendant HOWARD WESLEY COTTERMAN was convicted of producing, transporting, and possessing child pornography, including child pornography featuring plaintiff JANE DOE.

>**ANSWER**: Defendant admits the allegations of paragraph 18. Further answering, such conviction is currently the subject of post-conviction challenges which remain pending in the U.S. District Court for the District of Arizona.

19. In or about September 2014, the United States District Court judge in the District of Arizona sentenced defendant HOWARD WESLEY COTTERMAN to a total of 35 years' imprisonment and lifetime supervised release.

>**ANSWER**: Defendant admits the allegations of paragraph 19. Further answering, such conviction is currently the subject of post-conviction challenges which remain pending in the U.S. District Court for the District of Arizona.

20. The United States District Court's Judgment & Commitment Order, as well as its later Amended Judgment & Commitment Order, did not include a restitution judgment for plaintiff JANE DOE or other victims of the offense.

>**ANSWER**: Defendant admits the allegations of paragraph 20. Further answering, such conviction is currently the subject of post-conviction challenges which remain pending in the U.S. District Court for the District of Arizona.

21. Defendant HOWARD WESLEY COTTERMAN's appeal to the Ninth Circuit Court of Appeals failed. The conviction and sentence were affirmed in or about November 2015.

**ANSWER**: Defendant admits the allegations of paragraph 21. Further answering, such conviction is currently the subject of post-conviction challenges which remain pending in the U.S. District Court for the District of Arizona.

**Harm to Plaintiff**

22. Defendant HOWARD WESLEY COTTERMAN caused serious harm to plaintiff JANE DOE.

**ANSWER**: Defendant denies the allegations of paragraph 22.

23. Plaintiff JANE DOE has endured extreme emotional distress because of defendant HOWARD WESLEY COTTERMAN's sexual abuse of her, as well as his abuse of JANE DOE's and her mother's trust.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny allegations concerning the Plaintiff's state of mind, but denies that he caused the "extreme emotional distress alleged in paragraph 23 and denies the remaining allegations in paragraph 23 from which facts within his knowledge could be implied or inferred.

24. Likewise, plaintiff has endured extreme emotional distress because of defendant HOWARD WESLEY COTTERMAN's needless prolonging of the federal criminal proceedings, including by fleeing from prosecution.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny allegations concerning the Plaintiff's state of mind, but denies that he caused the "extreme emotional distress alleged in paragraph 24 and that any such damage may be implied or inferred from the Defendant's exercise of his legal rights. Defendant takes umbrage and stridently asserts that plaintiff has no standing to maintain that her "extreme emotional distress" was the product of defendant exercising those privileges which are part and parcel of the United States Constitution.

25. Plaintiff JANE DOE has received, and will continue to need, years of counseling to cope with the harm that defendant HOWARD WESLEY COTTERMAN has inflicted.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny allegations concerning the Plaintiff's state of mind, but denies that he caused the "extreme emotional distress" alleged in paragraph 23 or the unspecified "harm" alleged in paragraph 25.

26. Plaintiff JANE DOE's education, and her employment, has been impacted by defendant HOWARD WESLEY COTTERMAN's actions.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny allegations concerning the Plaintiff's state of mind or the progress of her education or employment. Defendant denies that he caused the damages which are implied in paragraph 26.

## COUNT ONE (18 U.S.C. § 2255)

27. Paragraphs 1 through 26 of this Complaint are incorporated here.

**ANSWER**: Defendant incorporates herein his Answers to paragraphs 1-26 of Plaintiff's Complaint.

28. Plaintiff JANE DOE, while a minor, was a victim of violations of 18 U.S.C. § 2251 and 2252 and suffered personal injuries because of the violations.

**ANSWER**: Paragraph 28 contains legal conclusions from which no answer is required. To the extent that paragraph 28 may be determined to include implied facts, Defendant lacks sufficient knowledge to admit or deny allegations concerning whether the Plaintiff was a victim of any federal statutes as a result of the conduct of others and denies that Plaintiff was the victim of a federal statute

as a result of his conduct.

29. Specifically, plaintiff JANE DOE was victimized by defendant HOWARD WESLEY COTTERMAN as set forth in Counts 1, 2, 3, and 5 of the Indictment in *United States v. Howard Wesley Cotterman*, 07 CR 1207 (D. Arizona).

> **ANSWER**: Defendant denies the allegations set forth in paragraph 29. Further answering, Defendant's convictions are the subject of post-conviction challenges which remain pending in the U.S. District Court for the District of Arizona under No. CV-16-0667-TUC-RCC.

30. Plaintiff JANE DOE seeks the remedies to which she is entitled under 18 U.S.C. § 2255(a), including actual damages and the costs associated with this suit, including a reasonable attorney's fee. Pursuant to 18 U.S.C. § 2255(a), JANE DOE's damages are deemed to be no less than $150,000.

> **ANSWER**: Defendant denies the that Plaintiff is entitled to the relief she seeks as alleged in paragraph 30.

## COUNT TWO
## (18 U.S.C. § 2252A(f))

31. Paragraphs 1 through 30 of this Complaint are incorporated here.

> **ANSWER**: Defendant incorporates herein his Answers to paragraphs 1-30 of Plaintiff's Complaint.

32. Plaintiff JANE DOE was aggrieved because of conduct prohibited under 18 U.S.C. § 2252A(a), namely, by defendant HOWARD WESLEY COTTERMAN's transporting, shipping, and possessing child pornography featuring JANE DOE.

> **ANSWER**: Defendant denies the allegations of paragraph 32.

33. Plaintiff JANE DOE seeks the remedies to which she is entitled under 18 U.S.C. § 2252A(f), including compensatory damages, punitive damages, the costs associated with this suit, and reasonable fees for attorneys and expert witnesses.

**ANSWER**: Defendant denies the that Plaintiff is entitled to the relief she seeks as alleged in paragraph 33.

### COUNT THREE
### (Battery)

34. Paragraphs 1 through 33 of this Complaint are incorporated here.

**ANSWER**: Defendant incorporates herein his Answers to paragraphs 1-33 of Plaintiff's Complaint.

35. Defendant HOWARD WESLEY COTTERMAN touched plaintiff JANE DOE, and caused harmful and offensive contact with JANE DOE's body, without her permission.

**ANSWER**: Defendant denies the allegations of paragraph 35.

36. Plaintiff JANE DOE was a young child who could not and did not consent to this touching.

**ANSWER**: Defendant admits that Plaintiff was a minor at the times implied in paragraphs 35 and 36, but denies the remaining allegations of paragraph 36.

37. Plaintiff JANE DOE seeks compensatory and punitive damages for battery, and such other damages as may be authorized by law.

**ANSWER**: Defendant denies that he is liable for the damages alleged in paragraph 37.

## COUNT FOUR
### (Intentional Infliction of Emotional Distress)

38. Paragraphs 1 through 37 of this Complaint are incorporated here.

   **ANSWER**: Defendant incorporates herein his Answers to paragraphs 1-37 of Plaintiff's Complaint.

39. Defendant HOWARD WESLEY COTTERMAN's sexual abuse of plaintiff JANE DOE—repeated for years, when JANE DOE was between the approximate ages of four and eight—constituted extreme and outrageous conduct. His conduct was atrocious and utterly intolerable in a civilized society.

   **ANSWER**: Defendant denies the allegations of paragraph 39.

40. The conduct was extreme and outrageous toward plaintiff JANE DOE because he repeatedly sexually abused her, for years, and further exploited her by photographing and videotaping her genitals, for his sexual gratification.

   **ANSWER**: Defendant denies the allegations of paragraph 40.

41. The conduct was also extreme and outrageous toward plaintiff JANE DOE because defendant HOWARD WESLEY COTTERMAN took advantage of his family relationship with JANE DOE, and her mother, and abused the trust they placed in him as JANE DOE's grandfather.

   **ANSWER**: Defendant denies the allegations of paragraph 41.

42. Defendant HOWARD WESLEY COTTERMAN further inflicted severe emotional distress on plaintiff JANE DOE when, after being charged with crimes relating to his sexual abuse of JANE DOE, he fled the country, causing plaintiff to fear whether he would ever be held accountable for his conduct and greatly increasing her anxiety about the proceedings.

**ANSWER**: Defendant denies the allegations of paragraph 42.

43. Defendant HOWARD WESLEY COTTERMAN intended or recklessly disregarded the probability that his conduct would cause the plaintiff to suffer emotional distress.

**ANSWER**: Defendant denies the allegations of paragraph 43.

44. Plaintiff JANE DOE endured severe and extreme emotional distress.

**ANSWER**: Defendant denies the allegations of paragraph 44.

45. Defendant HOWARD WESLEY COTTERMAN's conduct actually and proximately caused the plaintiff's distress.

**ANSWER**: Defendant denies the allegations of paragraph 45.

46. Plaintiff JANE DOE seeks compensatory and punitive damages for intentional infliction of emotional distress, and such other damages as may be authorized by law.

**ANSWER**: Defendant denies that he is liable to the Plaintiff as asserted in paragraph 45.

## AFFIRMATIVE DEFENSES

Defendant Howard Wesley Cotterman, by his undersigned attorney, as and for his affirmative defenses to plaintiff's complaint, states as follows:

Affirmative Defense No. 1

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

Affirmative Defense No. 2

2. Plaintiff's complaint is barred by the statute of limitations.

Affirmative Defense No. 3

3. The failure of the trial court during defendant's sentencing in 07 CR 1207 to order any restitution collaterally estops plaintiff from seeking damages as pled in her complaint in 17 CV 58.

Affirmative Defense No. 4

4. The failure of the trial court during defendant's sentencing in 07 CR 1207 establishes plaintiff's failure to show any damages based on the doctrine of *res judicata*

Affirmative Defense No. 5

5. As plaintiff's counsel and this Court are aware, defendant, age 77, is serving a *de facto* 35-year "life" federal sentence. Defendant forwarded the attached amended four-page, 21-paragraph affidavit which he implored undersigned counsel to submit as part of his affirmative defenses. Undersigned counsel played no role in the preparation of defendant's affidavit. However, defendant's amended affidavit is attached to defendant's answer and affirmative defenses for whatever consideration this Court deems appropriate. Thus, undersigned counsel submits defendant's affidavit, *infra,* following defendant's foregoing answer and affirmative defenses.

WHEREFORE, Defendant HOWARD WESLEY COTTERMAN, respectfully urges this Court to enter judgment in his favor and against the plaintiff on all counts, and to enter such other and further relief as this Court deems appropriate.

Respectfully Submitted,

By: /s/Allan A. Ackerman
Attorney for Defendant
Howard Wesley Cotterman

Allan A. Ackerman
Attorney at Law
19 South LaSalle Street
Suite 502
Chicago, IL 60603
Telephone: 312-332-2891
Facsimile: 312-750-1595
profaaa@aol.com

## CERTIFICATE OF SERVICE

      I certify that on June 25, 2018, I electronically filed the foregoing Defendant's Answer, Affirmative Defenses and Defendant's Affidavit in <u>Jane Doe v. Cotterman</u>, 17 CV 58 with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF System. I certify that all participants registered through the Court's Electronic Filing System will be served by the CM/ECF System as required.

                                                                           <u>/s/ Allan A. Ackerman</u>
                                                                           Allan A. Ackerman
                                                                           Attorney for Defendant
                                                                           Howard Cotterman

Allan A. Ackerman
Attorney at Law
19 S. LaSalle Street
Suite 502
Chicago, IL 60603
Telephone: 312-332-2891
Facsimile: 312-750-1595
email: profaaa@aol.com

AMENDED AFFIDAVIT

Howard Wesley Cotterman, on oath deposes and states as follows.

1. My name is Howard Cotterman and I am the defendant in 17 cv 58 in the United States District Court, Northern District of Illinois. This Affidavit attests to facts in support of the Answer to the Complaint and other court filings my attorney intends to make on my behalf.

2. My youngest son, Jane Doe's father, and his wife, Jane Doe's mother, moved with their two children, Jane Doe and her older Brother, from Chicago, to Texas, and then to Alaska where her younger brother was born and immediately underwent radical heart surgery to correct multiple heart defects. I helped finance the extension of electrical service to their remote cabin to meet his post-surgery needs. Previously I had provided more modest financial support, including a vehicle.

3. During the time Jane Doe's family was in Alaska, my employer, Center for Systems Management, relocated from California to the Washington, DC area to be closer to its government clients. I traveled as necessary to Washington, DC to conduct ongoing business. I made occasional layovers through the Dayton/Cincinnati area to visit with my oldest son, Greg, and my middle son Mark's family.

4. In late 2001, Jane Doe's Mother moved with her three children (my grandchildren) from Alaska into her mother's 2br/1ba apartment in Roselle near Chicago. When my son, the children's father, moved from Alaska to Dayton the following year, I suggested that he accompany me on the Chicago leg of my trip to DC since he had been separated for months from the children. On subsequent trips, when he was available, he accompanied me on the visits with the kids.

5. On that first visit to Chicago, I was troubled to see how poorly the kids were dressed. I was to learn that the teachers were also concerned and had sent notes home asking that Jane Doe be properly dressed for school. She had also been sent home for that reason. Subsequently, I made it a priority to take all three grandchildren shopping for school clothes and outerwear for the winter. This led to a period of financial support, including vocational training for Jane Doe's mother, and occasionally, household expenses.

6. Jane Doe's maternal grandmother, as the family's primary breadwinner, worked very hard to sub for the absentee parents. But she was in her sixties and often overwhelmed by the three rowdy and undisciplined grandchildren. The problems with health, hygiene, diet, clothing, and school grew beyond Jane Doe's Grandmother. Unless their grandmother was there to cook, the children generally ate sugary snacks and junk food. Partly as a result of poor diet, Jane Doe's youngest brother's teeth had all rotted and Jane Doe required major dental work as a teenager. The children had no significant household duties, nor structure, which contributed to behavioral and other school problems, particularly for Jane Doe. Their grandmother welcomed the occasional breaks when I was able to visit for a weekend.

7. I attended school functions when I was in town and learned from the teachers that Jane Doe was very disruptive in school and might be held back. She had also been diagnosed with ADD. She received psychological counseling for behavior problems. I stayed in contact with one teacher by email to get advice for upcoming visits, including a visit to our home by Jane Doe and her older brother. My wife, Maureen, a former elementary teacher, attempted to tutor a hostile Jane Doe, but to no avail.

8. Despite a few setbacks due to behavior problems, I saw my visits as an opportunity to provide something more important than financial support. My visits included trips to craft and hobby stores with Jane Doe's older brother after which we would work on his craft projects back at the hotel, which were very positive joint experiences. It was a challenge to identify activities for all three that were constructive.

9. I preferred to stay in the Holidome not far from the Jane Doe's grandmother's apartment because of the extensive play area that had activities for all three children. It also had a good family restaurant. Jane Doe's mother would join us for some meals and a swim. She fully supported these outings and encouraged my visits. We also went roller skating, ice skating, horseback riding, and to the movies. But the activities were more than just fun, including The Field Museum, other museums, school-sponsored field trips, and cultural events.

10. I helped Jane Doe's mother clean up her credit so that she and her mother could qualify to buy a 4br/2ba house. I also helped with house hunting. I financed Jane Doe's Mother's EMT training and other needs.

11. I extended a few of my trips to enable the cousins to visit in Cincinnati at my son Mark's home. We would stop on the way to visit their great-grandmother in Kokomo, Indiana. I also arranged to meet my sister who traveled to Indianapolis with her family for the occasion. Those family acquaintances would never have happened otherwise. The Cincinnati visits included biking, hiking, canoeing, and special events at the Cincinnati Museum. It was well-established by government interviews, testimony, and sworn statements that nothing improper or illegal occurred on these trips; nothing was even speculated or suggested. Jane Doe told the agents that, on the summer trips there were "no problems with Grandpa" and that she "never had to tell anyone that someone touched her." Jane Doe's father and younger brother both affirmed that there was "nothing inappropriate" as did her older brother about the day trips.

12. The family lived in Texas and Alaska until Jane Doe was six. The photos were taken about two years later when she was asleep. Sworn testimony established that she was unaware. No sexual abuse occurred nor was any charged. There was no intentional infliction of emotional distress, quite the contrary. There is ample evidence that I made every effort to ensure no harm occurred. The only intentional harm was on the part of the government interrogators when they shocked Jane Doe by showing her photos. As appellate counsel, Darla Mondou, stated in her interview regarding "the trauma of the child, shame on ICE."

13. An internal ICE memo, May 13, 2008, from Agent Sapper a year after she interviewed Jane Doe and her mother, states that "[Jane Doe] is doing well and attending counseling regularly, as is her mother. She is having a harder time than [Jane Doe] dealing with what happened to [Jane Doe]" (see Jane Doe's mother's 2012 blog below). Another ICE memo on the same May 13 date states: "[Jane Doe's mother] just called me and told me that since [Jane Doe] is doing so well and not speaking much during counseling, they had stopped going to counseling..."

14. The complainant had a history of psychological and behavior problems and had been receiving counseling years before she learned of the photos. The psychologist involved reported that there was no indication of sexual abuse or engagement. As noted above, the counseling was discontinued about a

2

year after the photos were disclosed (several years after they were taken) because Jane Doe was "doing so well."

15. The photos were not sexually motivated nor sexually gratifying as explained in my letters to the judge and the probation officer. Court-ordered psychological evaluations and profiles from 1991 address this issue.

16. Jane Doe's mother's public blog (posted in 2012, years before the trial), reveals the factual basis for misinformation and for several misconceptions and misdeeds. Jane Doe's mother states: "I blamed all the problems in my life on this one incident." Her use of past tense further admits to unrelated problems, many of which predate this incident, such as leaving the parenting to her mother. She opens her blog with what she characterizes later as a "life-changing event" with an excerpt from he own interview by ICE agents where they blamed her for the incident. Jane Doe's mother's apparent guilty conscience and self-interest (noted later in the blog) were actually promulgated by the agents' false statements. Unknown to Jane Doe's mother, those statements to her about my California conviction and parole conditions were maliciously erroneous and my two-year parole had been over for years.

17. Jane Doe's mother's shock is evidenced by her blog. Likewise, the needlessly exploitive use of the photos with the complainant was apparent. After being shown the photos, Jane Doe was stunned and her demeanor in the interview changed abruptly from facts to distraught emotions. She lied and fantasized to an extent apparently too risky and unqualified for trial testimony. Agent Brisbine admits in his April 26, 2007 email that "she ultimately made a full disclosure."

18. I made positive contributions to complainant's early education, social adjustments, and attitude. There is clear evidence that her interest in school and academic accomplishments have steadily improved to a remarkable level. In 2013 she entered College of Lake County and became a serious student, graduating in 2015. As she continued her education, she expressed strong interests in Biological Anthropology, Archeology, and Philosophy. Referring to an image of her Physical Anthropology class syllabus in January 2017, she posts that she is: "Super Excited!" In March she exclaims: "got a 100% on my bio anthro quiz. Prof tried to trick me again, but I got you this time, lady."

19. Complainant has been publicly candid about her ADHD history and the meds (needs and counseling that date back years before my involvement). She states on February 4, 2016: "People with ADD or ADHD have an inherent disadvantage, the medication helps neutralize this and gives the same advantages as anyone without these disabilities... ...ADHD doesn't make anyone 'smarter.' I can say I haven't gotten anymore intelligent in the year I've been prescribed Vyvanse, I have been able to prioritize and focus." She goes on to discuss "ambition and the will to win."

20. Complainant's self-awareness is evidenced by her commentary on nuances of personality and others being "overly self-involved" - a continuing problem of hers. In 2017, she talks freely about her Pell Grant being used for car repairs. She wears nice clothes and displays a large, quality wardrobe. On February 12: "Happy 4 year anniversary to the best bf ever..." Two posts on March 14 describe getting her hair done (71 "Likes" followed by a thread of compliments): "3 hours later Voila"

21. Despite the prevailing parasitic home environment, complainant's employment success is well-established by a resume composed of significant and challenging positions. During her college years she interned at the Elemental Analysis Facility, The Spatial Analysis Laboratory, and the Field Museum.

3

On April 5, 2017, she posts: "... feeling ecstatic. Proud to be officially starting a Cultural Resource internship at the Atwell Engineering and Construction Consulting firm this summer!"

   I declare under penalty of perjury that all the statements made in this "Affidavit" are true and correct and that if called upon to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the Affidavit.

_[signature]_          July 11, 2017

Howard Cotterman          Date

4