UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-00058 |
| vs. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| HOWARD WESLEY COTTERMAN, | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Jane Doe, by and through her attorneys, Salvatore Prescott & Porter, PLLC, hereby files this supplemental memorandum in support of her motion for partial summary judgment, ECF No. 40, with additional undisputed evidence establishing that she was the minor featured in the child pornography that resulted in Defendant's criminal conviction. Plaintiff also submits an Amended Statement of Undisputed Facts to supplement her earlier filing.

First, Defendant has now filed a sworn affidavit in support of his answer admitting he took the photographs at issue in this case. ECF No. 47, Ex. A ¶¶ 12, 15-17. Defendant explicitly states, when referring to Plaintiff, that her "family lived in Texas and Alaska until Jane Doe was six. The photos were taken about two years later when she was asleep. Sworn testimony established that she was unaware." *Id.* at ¶ 12. Defendant makes no effort to conceal that he took photographs of Plaintiff at the time she was eight years old. In fact, he admits that Plaintiff "was stunned" and became "distraught" when she was later shown the photos by Department of Homeland Security agents before his criminal trial. *Id.* at ¶¶ 12, 17. His argument

1

is not that he did not take photos of her, but instead that he did not sexually assault her or cause emotional distress. That is not the issue presented in this motion. Plaintiff must show only that she was the victim depicted in the child pornography that Defendant created, transported, and possessed, thus resulting in his criminal convictions. Here, Defendant's own admission that he took the photographs shows, along with the other evidence Plaintiff has presented, including the evidence in this supplement, that there is no genuine issue of material fact concerning Jane Doe being the child depicted in the images at issue in the criminal case.

Second, to supplement the record further, Plaintiff has submitted additional documents from Defendant's criminal trial to corroborate that Plaintiff was the minor featured in the pornographic images charged in Defendant's indictment. Specifically—

Counts 1 and 2 of the criminal indictment, reattached here as Exhibit A, both involve production of child pornography. Count 1 charges certain photographs, and Count 2 charges certain video files. Of the 378 images of child pornography found in Defendant's possession, approximately 360 of those were of the same girl, Plaintiff Jane Doe. *See* Ex. 6 to Amended Statement at 47-49.

Count 1 included images recovered from Defendant's possession titled P1010025.jpg, P5010008.jpg, IMGP0556.jpg, P3200002c.jpg, P7310015.jpg, and P1010054.jpg, which Defendant and the government stipulated to admission as Exhibits 1 through 6. *Compare* Ex. 4 to Statement of Facts at 2 *with* Ex. 7 to Amended Statement at 3. During Defendant's trial, the agent identified Ex. 1 as an

image of Plaintiff, stated that all of the photographs at issue in the indictment appeared to be of the same young girl, and further described Exhibits 1 through 6 (the Count 1 images) as coming from Defendant's computer. Ex. 6 to Amended Statement at 58-67, 109. Moreover, Plaintiff's mother testified and identified Plaintiff as the child in trial Exhibits 1 and 3. *See id.* at 132-33. Both Plaintiff and her mother testified generally about Plaintiff's interactions with Defendant and identified him and his distinctive ring (visible in certain of the charged photos), all of which was consistent with the agent's identification of Plaintiff as the girl depicted in photos in the indictment. *See* Ex. 6. Thus, Plaintiff was the child featured in child pornography for which Defendant was convicted in Count 1.

Similarly, Count 2 included three video files recovered from Defendant's possession titled T0307BR1.wmv, T0307BR1best.wmv, and T03_Therm2.wmv, which Defendant and the government stipulated to admission as Exhibits 7-9. *Compare* Ex. 4 to Statement of Facts at 3 *with* Ex. 7 to Amended Statement at 3. During Defendant's trial, the agent testified that all of the videos that were the subject matter of the indictment appeared to be of the same young girl. Ex. 6 to Amended Statement at 109. He also identified Exs. 7-9 as coming from Defendant's computer, and as featuring items the agent recognized from searching Defendant's residence. *Id.* at 67-71. Likewise, Plaintiff and her mother's general testimony, as with Count 1, was consistent with the agent's identification of Plaintiff as the girl depicted in videos in the indictment. *See* Ex. 6. Thus, Plaintiff was the child featured in child pornography for which Defendant was convicted in Count 2.

Regarding Count 3 of the indictment, involving transportation and shipping of child pornography, photographs recovered from Defendant's possession were titled P8010019.jpg, P8040067.jog, P8040068.jpg, P8040093.jpg, 169.jpg, and T44.jpg, which Defendant and the government stipulated to admission as Exhibits 10-15. *Compare* Ex. 4 to Statement of Facts at 3 *with* Ex. 7 to Amended Statement at 3. During Defendant's trial, the agent stated that all of the photographs at issue in the indictment appeared to be of the same young girl and identified Exs. 10-15 as coming from Defendant's computer. Ex. 6 to Amended Statement at 71-75, 109. Plaintiff's mother was similarly shown Exhibit 13 at trial, and she identified her daughter in the photograph. *See id.* at 133-34. And again, Plaintiff's and her mother's testimony was consistent with the agent's identification of Plaintiff as the victim in the photographs at issue in the indictment. Ex. 6.

Finally, with respect to Count 5 of Defendant's criminal indictment for possession of child pornography, one of the pornographic computer files is titled P8010003.jpg. *See* Ex. A at 4. Defendant and the government stipulated to the admission of file P8010003.jpg as Exhibit 24 at his criminal trial. *See* Ex. D at 4. During Defendant's trial, after the introduction of the file, the DHS agent described the photograph, saying "it seems to be the same female child victim that was in . . . several hundred, 300 or so other photographs that I located." Ex. 6 to Amended Statement at 82. This, along with Plaintiff's and her mother's testimony, leaves no genuine dispute that Plaintiff was the child featured in an image for which Defendant was convicted in Count 5 of the indictment.

These additional records from Defendant's criminal trial, along with the documents already under seal in support of her motion for partial summary judgment, further support Plaintiff's position that there is no genuine dispute concerning the material fact that Defendant's conviction was based upon his production, transportation, and possession of child pornography featuring Plaintiff.

* * * * *

For these reasons, and as set forth in Plaintiff's motion for partial summary judgment, Plaintiff respectfully requests that this Court enter a finding of liability on Counts I and II of Plaintiff's Complaint.

Dated: July 3, 2018                    Respectfully submitted,

                                       s/ Julie B. Porter
                                       JULIE B. PORTER
                                       KYLE A. PALAZZOLO
                                       Salvatore Prescott & Porter, PLLC
                                       1010 Davis Street
                                       Evanston, IL 60201
                                       P: (312) 283-5711
                                       F: (312) 724-8353
                                       porter@spplawyers.com

                                       *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 3, 2018, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Julie B. Porter
